**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JORGE LUIS ZELAYA-MENJIVAR,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-05756-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS, ORDERING IMMEDIATE RELEASE, AND ENJOINING RE-DETENTION WITHOUT DUE PROCESS**

On September 29, 2026, Petitioner Jorge Luis Zelaya-Menjivar ("Petitioner"), a noncitizen presently detained in the custody of Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of his constitutional rights. See Doc. No. 1. The Petition names as Respondents the Secretary of the Department of Homeland Security, the Attorney General of the United States, the Director of ICE, the Director of the Los Angeles Field Office of ICE's Enforcement and Removal Operations division, and the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, each in his or her official capacity, as well as the Executive Office for Immigration Review, the Department of Homeland Security, and ICE. Id. at ¶¶ 15-22. Petitioner seeks relief in the form of a Writ of Habeas Corpus ordering his immediate release from Respondents' custody and enjoining Respondents from re-detaining him

"unless Respondents can demonstrate an individualized change in circumstances, flight risk, or danger to the community." Id. at ECF p. 13.

Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 2.

Later that day (September 29, 2026), the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 4. The case became fully consented for Magistrate Judge final disposition three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 4); see also Doc. No. 5.

In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. See Doc. No. 4 at ECF pp. 1, 5. Under that briefing schedule, counsel for Respondents were required to file a Notice of Appearance no later than October 2, 2026, and Respondents were ordered to file their Answer to the Petition no later than October 6, 2026. Id.

Respondents did not file any such Answer (or Notice of Appearance), however, and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United

States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **JORGE LUIS ZELAYA-MENJIVAR (A No. 094-775-687)** from immigration custody subject only to any conditions of release in place prior to his September 15, 2026, re-detention.

(B) Respondents shall not re-detain Petitioner without first providing Petitioner with notice and a pre-detention hearing at which Respondents demonstrate an individualized change in circumstances, flight risk, or danger to the community justifying re-detaining Petitioner.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(C) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

(D) The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: October 9, 2026

Dan Roberts
______________________________________
HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE